**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YAN NA CHEN,<br><br>  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 10-70570<br><br>Agency No. A099-583-459<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.[**]

Yan Na Chen, a native and citizen of China, petitions for review of an order

of removal affirmed by the Board of Immigration Appeals ("BIA"). We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Chen's initial argument that the BIA erred by not considering the "changed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

circumstances" provision of 8 U.S.C. § 1158 in deciding whether her asylum application was timely is unavailing. The BIA assumed Chen's application was timely. Moreover, the record shows that the BIA did not make a finding regarding "changed circumstances" for us to review.

An alien may establish asylum eligibility by showing a well-founded fear of future persecution. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1133 (9th Cir. 2004). We review factual findings for "substantial evidence" and will uphold the BIA unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Su Hwa She v. Holder*, 629 F.3d 958, 961 (9th Cir. 2010).

After examining the record, we conclude the evidence does not compel the conclusion that Chen was eligible for asylum. Most of Chen's documentary evidence is too general to show she faced a well-founded fear of persecution, or is cumulative of older, previously discounted evidence. Chen's specific allegation that a neighbor was forcibly sterilized in 2006, even if true, does not constitute a pattern or practice that supports a well-founded fear. *See generally Arriaga-Barrientos v. U.S.I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991) (evidence of violence must support "a pattern of persecution closely tied to the petitioner."). And, Chen's allegations that her mother and mother-in-law were forcibly sterilized in the 1980s are similarly insufficient. *See Zhang v. Gonzales*, 408 F.3d 1239, 1246

2

(9th Cir. 2005)("[A] child of a parent who was forcibly sterilized [is not] automatically eligible for asylum[.]"). The rest of Chen's evidence is not sufficiently particularized to show she has a well-founded fear of future sterilization. *Cf. Yan Rong Zhao v. Holder*, 728 F.3d 1144, 1150-51 (9th Cir. 2013) (petitioner presented evidence she would personally face forced sterilization). In light of the U.S. Department of State's May 2007 "Profile of Asylum Claims and Country Conditions for China" and other records, the BIA had substantial evidence to support its decision even assuming Chen's children would be registered as Chinese Nationals. *See generally Yan Rong Zhao*, 728 F.3d at 1150 (Substantial evidence included the "[2007] State Department report").

Because Chen failed to establish eligibility for asylum, Chen's application for withholding of removal must be denied as well.. *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149 (9th Cir. 1999).

PETITION DENIED.